UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARSHALL ONUORAH,<br><br>Petitioner,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Respondent. | Case No. 24–cv–07608–ESK<br><br>OPINION |

**KIEL, U.S.D.J.**

**THIS MATTER** comes before the Court on petitioner Marshall Onuorah's motion to set aside his federal conviction pursuant to 28 U.S.C. § 2255 (2255 Motion). (ECF No. 1.) He has submitted a motion to amend the 2255 Motion (Motion to Amend) (ECF No. 9), as well as a proposed amended § 2255 motion, (ECF No. 11.)[1] Respondent United States did not respond to the Motion to Amend. For the following reasons, I will grant the Motion to Amend in part. Respondent will be ordered to supplement its answer on whether petitioner's conviction is unconstitutional based on *United States v. Rahimi*, 602 U.S. 680 (2024).

**I.    FACTS AND PROCEDURAL HISTORY**

A jury convicted petitioner of possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1). *United States v. Onuorah*, No. 20–cr–00482 (D.N.J. June 29, 2021) (Criminal Case) (ECF No. 54.)[2] On December 6, 2021, District Judge

---

[1] Petitioner also moved for an extension of time to file his proposed amended 2255 motion. (ECF No. 10.) I will dismiss that motion as moot as petitioner has now submitted his proposed amended § 2255 motion.

[2] I take judicial notice of the public filings in petitioner's criminal case.

Noel L. Hillman sentenced petitioner to a 120-month term of imprisonment. (*Id.* ECF No. 64.)  Petitioner filed a timely appeal in the Third Circuit.  (*Id.* ECF No. 66.)  The Third Circuit affirmed petitioner's conviction. *United States v. Onuorah*, No. 21–03338, 2023 WL 2729432 (3d Cir. Mar. 31, 2023). Petitioner did not file a petition for a writ of certiorari in the Supreme Court. (ECF No. 1 p. 3.)

Petitioner mailed his 2255 Motion on June 27, 2024. (*Id.*)  On July 12, 2024, I issued a notice and order informing petitioner of his rights and responsibilities pursuant to *United States v Miller*, 197 F.3d 644 (3d Cir. 1999). (ECF No. 2.)   I informed petitioner that "[u]nder federal law, a person seeking relief in federal court from confinement resulting from conviction in that court must include all potential claims for which he or she desires to seek review and relief in a single § 2255 motion." (*Id.* p. 1.)  "Petitioner may have the Court rule on the [2255 Motion] as filed or he may withdraw the [2255 Motion] and file an all-inclusive amended motion that includes any and all potential claims, subject to the one-year period described by the Antiterrorism Effective Death Penalty Act [(AEDPA)] in 28 U.S.C. § 2255." (*Id.*)  Petitioner did not submit an amendment within the set time, so I directed respondent United States to answer the 2255 Motion on August 28, 2024. (ECF No. 4.)  Respondent submitted its answer on October 28, 2024.  (ECF No. 8.)

On April 14, 2025, petitioner filed his Motion to Amend. (ECF No. 9.) He asserted that "[i]n the interest of Justice based on [*Range v. AG United States*, 124 F.4th 218 (3d Cir. 2024) (*Range II*)] and [*New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022)] rulings and remand to Third Circuit Ct. of Appeals, [p]etitioner holds that he is entitled to relief based on current Holdings in the U.S. Supreme Court and especially Third Circuit as it applies to 922(g)(1) offense [p]etitioner's circumstances as a non-drug, non-

violent defendant." (*Id.* p. 1.)  On May 19, 2025, he submitted a proposed amended 2255 motion.  (ECF No. 11.)

## II. LEGAL STANDARD

A habeas petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions."  28 U.S.C. § 2242.  Federal Rule of Civil Procedure 15 permits the amendment of pleadings by leave of court, and such leave "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  Whether to permit amendment is left to the discretion of the court, and denial is proper when there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc."  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010).  "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted."  *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

## III. DISCUSSION

Petitioner raised one claim in the 2255 Motion, asserting that he was denied his Sixth Amendment right to effective assistance of counsel during plea negotiations.  (ECF No. 1 p. 3.)  I warned petitioner on July 12, 2024 that he had to include all his claims in the 2255 Motion, and he declined the opportunity to amend the 2255 Motion at that time.  (ECF No. 2.)  It is now too late to do so.

AEDPA imposes a one-year statute of limitations on § 2255 motions.  28 U.S.C. § 2255(f).  "This one-year statute of limitations bars new § 2255 motions, as well as amendments of existing motions to add new claims or legal theories after the one-year period has expired."  *Mass v. United States*, No. 11–cv–02407, 2014 WL 6611498, at *3 (D.N.J. Nov. 20, 2014) (citing *United States*

*v. Thomas*, 221 F.3d 430, 431 (3d Cir. 2000)). The limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner seeks to add four new claims to these proceedings: "Counsel was ineffective for a): stipulating to felony status against [p]etitioner's wishes; and (b): having knowledge regarding Arresting Officers' Internal Affairs Investigation/disciplinary hearing and not presenting for Direct Appeal; (2) Prosecutorial Misconduct occurred when AUSA withheld crucial evidence regarding Officer(s) involvement in falsifying Police Reports and tampering with evidence whom were involved in Petitioner's case; (3) Petitioner is actually INNOCENT; (4) 18 U.S.C. § 922(g)(1) conviction as applied to Petitioner is violative of his 2nd Amendment Rights under" *Bruen* and *Range II*. Petitioner does not assert that he was prevented from adding claims or that he just discovered the facts supporting the claims, so I presume that § 2255(f)(1) sets the relevant statute of limitations for the first three new claims.

Petitioner did not file a petition for a writ of certiorari, so his conviction became final on June 29, 2023, 90 days after the Third Circuit affirmed petitioner's conviction on March 31, 2023. Accordingly, the AEDPA statute of

4

limitations expired on July 1, 2024.[3]  The 2255 Motion, which was mailed on June 27, 2024, was timely filed.  (ECF No. 1–2 p. 1.)  The Motion to Amend was filed well after that date,[4] and petitioner's filing of his original 2255 Motion does not toll the applicable one-year statute of limitations.  *See Duncan v. Walker*, 533 U.S. 167, 172 (2001).  Petitioner may only add the first three new claims to the 2255 Motion if they relate back to his original pleading.  Fed. R. Civ. P. 15(c).

"Amendments made after the statute of limitations has run relate back to the date of the original pleading if the original and amended pleadings 'ar[i]se out of the conduct, transaction, or occurrence.'"  *Mayle v. Felix*, 545 U.S. 644, 655 (2005) (alteration in original) (quoting Fed. R. Civ. Pro. 15(c)).  In *Mayle*, the Supreme Court rejected the argument that an amendment to a habeas petition relates back to the original petition "so long as the new claim stems from the habeas petitioner's trial, conviction, or sentence.  Under that comprehensive definition, virtually any new claim introduced in an amended petition will relate back, for federal habeas claims, by their very nature, challenge the constitutionality of a conviction or sentence, and commonly attack proceedings anterior thereto."  *Id*. at 656–57.  The Court held that "relation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims."  *Id*. at 659.

Petitioner's first three proposed new claims do not have a common core of operative facts with his assertion that trial counsel provided ineffective assistance by failing to inform him that he could enter a "blind plea."  (ECF

---

[3] June 29, 2024 was a Saturday.  Fed. R. Civ. P. 6(a)(1)(C).

[4] Petitioner's motion for an extension, which is now moot, only sought a 14-day extension due to a lockdown.  (ECF No. 10 p.1.)  It would not have affected the timeliness of the proposed amended 2255 motion as the AEDPA statute of limitations expired more than 14 days before.

5

No. 1 p. 5.) Therefore, they do not relate back to the original 2255 Motion and are barred by the statute of limitations. 28 U.S.C. § 2255(f)(1).

Section 2255(f)(3) sets the statute of limitations for petitioner's claims based on *Bruen* and *Range II*. In *Bruen*, the Supreme Court held that the Second Amendment was violated by state licensing schemes that imposed special burdens on citizens seeking concealed carry permits. "In *Bruen*, the Supreme Court did not announce a new rule of constitutional law retroactively applicable to persons with criminal convictions, and thus is inapplicable to the present circumstances." *United States v. Neal*, No. 19–cr–00230–1, 2024 WL 1095814, at *2 (W.D. Pa. Mar. 13, 2024); *see also In re Terry*, No. 22–13615–C, 2022 WL 20033240, at *2 (11th Cir. Nov. 14, 2022) ("[T]o the extent that the right recognized in *Bruen* is a previously unavailable, new rule of constitutional law, *Bruen* has not been made retroactive to cases on collateral review by the Supreme Court." (internal quotation marks omitted)). Even if *Bruen* was retroactively applicable on collateral review, petitioner filed his *Bruen* claim more than a year after the June 23, 2022 decision. Therefore, *Bruen* does not reset the AEDPA's statute of limitations for petitioner.

Petitioner also cannot rely on the Third Circuit's *Range II* decision as § 2255(f)(3) only applies to rights that are "initially recognized by the Supreme Court …." A decision from an appellate court does not have the power to announce a new general rule of constitutional law retroactive on collateral review. *See Dodd v. United States*, 545 U.S. 353, 357 (2005) ("What Congress has said in [§ 2255(f)(3)] is clear: An applicant has one year from the date on which the right he asserts was initially recognized by this Court."). However, *Range II* was a decision on remand after the Supreme Court issued its *Rahimi* decision on June 21, 2024. I am required to liberally interpret *pro se* pleadings, and a challenge based on *Rahimi* would be timely. Therefore, I will allow petitioner to add a *Rahimi* claim to his § 2255 proceedings.

## IV.     CONCLUSION

For the reasons stated above, I will dismiss petitioner's motion for an extension of time as moot and grant the motion to amend in part. Within 60 days of this Order, respondent shall file a supplemental answer and appendix addressing whether petitioner's § 922(g)(1) conviction is unconstitutional after *Rahimi*. The other proposed claims are dismissed as barred by the statute of limitations. An appropriate Order accompanies this Opinion.

                                */s/ Edward S. Kiel*
                                **EDWARD S. KIEL**
                                UNITED STATES DISTRICT JUDGE

Dated: May 20, 2025